UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 2:13-cr-00020-JPH-CMM-01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| MICHAEL NEWELL | (COMPASSIONATE RELEASE) |

Upon motions of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that the motions are:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:13-cr-00020-JPH-CMM |
| | ) | |
| MICHAEL NEWELL, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**Order**

Pending before the Court are Michael Newell's motions for compassionate release, dkts. 466 and 479, filed under 18 U.S.C. § 3582(c)(1)(A)(i), as amended by § 603 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). Mr. Newell requests a reduction of his term of imprisonment to time served. For the reasons explained below, Mr. Newell's motions are denied.

**I. Background**

In December 2014, Mr. Newell pleaded guilty to one count of conspiracy to possess with intent to distribute and to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841 and 846 and one count of conspiracy to conduct and attempt to conduct financial transactions affecting interstate commerce in violation of 18 U.S.C. § 1956(h). Dkts. 300, 301, 302. The parties agreed to a binding sentence of 120 months' imprisonment, *see* dkt. 301 at ¶ 7, and the Court accepted Mr. Newell's guilty plea on August 5, 2015, dkt. 407. The Court sentenced Mr. Newell to an aggregate term of 120 months' imprisonment to be followed by an aggregate term of 8 years' supervised release. Dkt. 410.

2

Mr. Newell is 60 years old. When he filed his motion, he was incarcerated at the satellite camp at the U.S. Penitentiary in Lompoc, California ("FPC Lompoc"). Dkt. 479 at 1. Mr. Newell is, however, no longer incarcerated at FPC Lompoc. On February 6, 2021, he notified the Court that he was released to home confinement in November 2020. *Id.* at 2. His sentence is anticipated to end on March 17, 2024. *Id.* at 4.

Mr. Newell filed his first motion for compassionate release in May 2020. Dkt. 466. He argued that an extraordinary and compelling reason supports a sentence reduction because his medical conditions place him at greater risk of developing severe symptoms if he contracts COVID-19 and because FPC Lompoc experienced a major outbreak of COVID-19. The United States responded in opposition to Mr. Newell's motion, dkt. 473, and Mr. Newell filed a reply and supplemental reply, dkts. 477, 478.

On February 6, 2021, Mr. Newell filed a supplemental motion for compassionate release. Dkt. 479. He notifies the Court of his release to home confinement and asserts that a reduction in his sentence is warranted based on the following facts: (1) his post-sentencing conduct, (2) his prior conviction would not support a sentence enhancement if he were sentenced today, (3) he will serve an eight-year term of supervised release, (4) he is not an escape risk, (5) he is not a danger to the community, (6) he has obtained employment since his release to home confinement but cannot engage in ordinary activities within the community and imposes a burden on probation officers, and (7) he is an "excellent candidate for compliance" with the terms of his supervised release. *Id.* at 2-4.

## II. Legal Standard

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence

upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C.

§ 3582(c)(1)(A)(i). Before the First Step Act, only the Director of the Bureau of Prisons ("BOP")

could file a motion for a reduction based on "extraordinary and compelling reasons." Now, a

defendant is also permitted to file such a motion after exhausting administrative remedies. *See* First

Step Act of 2018, Pub. L.N. 115-391, 132 Stat. 5194, 5239 (2018). The amended version of the

statute states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion
> of the defendant after the defendant has fully exhausted all administrative rights to
> appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf
> or the lapse of 30 days from the receipt of such a request by the warden of the
> defendant's facility, whichever is earlier, may reduce the term of imprisonment (and
> may impose a term of probation or supervised release with or without conditions
> that does not exceed the unserved portion of the original term of imprisonment),
> after considering the factors set forth in section 3553(a) to the extent that they are
> applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction;
> > or
> >
> > (ii) the defendant is at least 70 years of age, has served at least 30
> > years in prison, pursuant to a sentence imposed under section
> > 3559(c), for the offense or offenses for which the defendant is
> > currently imprisoned, and a determination has been made by the
> > Director of the Bureau of Prisons that the defendant is not a danger
> > to the safety of any other person or the community, as provided
> > under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by
> the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Congress directed the Sentencing Commission to "describe what should be considered

extraordinary and compelling reasons for sentence reduction, including the criteria to be applied

and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the

defendant alone shall not be considered an extraordinary and compelling reason." *Id.* Before

passage of the First Step Act, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c). U.S.S.G. § 1B1.13.

Section 1B1.13 sets forth the following considerations. First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, consideration of the sentencing factors in 18 U.S.C. § 3553(a), "to the extent they are applicable." U.S.S.G. § 1B1.13.

As to the first consideration, subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)-(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)," "[a]s determined by the Director of the Bureau of Prisons." *Id.*; Application Note 1(D).

The policy statement in § 1B1.13 addresses only motions from the Director of the BOP. *Id.* ("Upon the motion of Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . ."). It has not been updated since the First Step Act

amended § 3582(c)(1)(A) to address motions that are filed by prisoners. As a result, the Sentencing Commission has not yet issued a policy statement "applicable" to motions filed by prisoners. *United States v. Gunn*, 980 F. 3d 1178, 1180–81 (7th Cir. 2020). And, in the absence of an applicable policy statement, the portion of § 3582(c)(1)(A) requiring that a reduction be "consistent with the applicable policy statements issued by the Sentencing Commission" does not curtail a district court judge's discretion. *Id.* at 1180. Nonetheless, the Commission's analysis in § 1B1.13 can guide a court's discretion without being conclusive. *Id.* As to motions brought under the "catchall" provision in Subsection (D), district judges should give the Director of the BOP's analysis substantial weight (if he has provided such an analysis), even though those views are not controlling. *Id.*

Accordingly, the Court evaluates motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction; (2) whether the defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion.

### III. Discussion

When Mr. Newell filed his first motion, he was incarcerated at FPC Lompoc, which is part of the larger Federal Correctional Complex in Lompoc ("FC Lompoc"). FPC Lompoc experienced a large outbreak of COVID-19, and Mr. Newell contended that he suffered from various medical conditions that increased his risk of suffering severe symptoms if he contracted COVID-19. Dkt. 466. He argued that "the combination of his medical condition and the introduction and prevalence

of COVID-19 . . . constitute the 'extraordinary and compelling' conditions warranting" a sentence reduction. Dkt. 477 at 3-4.

In his supplemental motion, Mr. Newell does not contend that there are extraordinary and compelling conditions warranting a sentence reduction. Rather, he identifies several reasons related to the sentencing factors of § 3553(a) and the danger he presents to the community to justify his request for a sentence reduction. *See* dkt. 479 at 2-4.

Mr. Newell's first motion was premised on the risk he faced from COVID-19 while incarcerated at FPC Lompoc. Dkt. 466. But Mr. Newell is no longer incarcerated at FPC Lompoc. *See* dkt. 479 at 2. Thus, the potentially "extraordinary and compelling conditions" identified in his first motion no longer exist. Mr. Newell presents no "extraordinary and compelling conditions" justifying a sentence reduction in his second motion.

Because Mr. Newell has not shown an extraordinary and compelling reason warranting a sentence reduction, the Court need not decide whether he presents a danger to the community or whether the sentencing factors outlined in § 3553(a) favor release.

### III. Conclusion

For the reasons set forth above, Mr. Newell's motions for compassionate release, dkt. [466] and dkt. [479], are **denied**. Mr. Newell's notice of filing sealed exhibits, which was docketed as a motion, dkt. [468], is **granted** to the extent that docket entries 468-1 and 468-2 will be maintained under seal.

**SO ORDERED.**

Date: 5/25/2021

James Patrick Hanlon
James Patrick Hanlon
United States District Judge
Southern District of Indiana

7

Distribution:

All Electronically Registered Counsel